**HARBINE v HARPER et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1330.   Decided Jan 24, 1936

Marcus Shoup, Xenia, for plaintiff in error.
George H. Smith, Xenia, for defendant in error.

## OPINION

By BODEY, J.

"It is a well settled rule that it is only by force of statutory law that any objection can be taken to an insolvent's paying off a portion of his debts or securing one or more of his creditors, although such payment or the giving of such security will enable one class of creditors to obtain an advantage over another. In Ohio, a preference, by a debtor who is insolvent, of some creditors over others has never constituted a fraud. A preferential conveyance is not deemed one to hinder, delay or defraud creditors. A preference, then, is not, merely because it is a preference, a fraudulent conveyance. Consequently, a conclusion of intent 'to hinder, delay or defraud creditors', based only on the accomplishment of a preference among honest creditors cannot stand." 19 O. Jur., 681, §3.

Since the evidence shows that the children were creditors of their mother in an amount in excess of the value of this land on the date of conveyance, we must conclude in view of the foregoing citation that this deed to them, although constituting a preference, was not a fraudulent conveyance, unless made so by statute. This petition was framed in accord with the provisions of §§11104 and 11105 GC, which enactments are the statutory provisions referred to in the text. It is provided in substance in §11104 GC that conveyances made by a debtor in contemplation of insolvency and with a design to prefer one or more creditors to the exclusion of others and conveyances made with intent to hinder, delay or defraud creditors shall be void as to other creditors. §11105 GC protects all grantees or transferees who have no knowledge of such fraudulent intent on the part of the grantor. In this action instituted under these sections the court must determine—

1—Was there a consideration for the conveyance?

2—Did the grantor intend to hinder, delay or defraud her creditors?

3—If so, did the grantees have knowledge of the fraudulent intent on the part of their grantor?

It is well established that a pre-existing debt is a valuable consideration when the debt is extinguished in whole or in part by the transfer. 19 O. J., 756, §80. The evidence indicates that the indebtedness of Nettie J. Harper to her children was extinguished in part by this deed and we must, therefore, conclude that the conveyance was based upon a valuable consideration.

Nettie J. Harper was called on cross-examination by the plaintiff as part of his case. This witness furnished the only testimony or evidence offered by plaintiff in support of his claim of fraud except that which may be gleaned from the record of the transaction itself. Mrs. Harper expressly disclaimed any intent on her part to defeat the plaintiff's claim. A comparison of the amounts due the children and the plaintiff does not convince that such intent was present when the deed was executed. This mother owed her children according to the evidence $10,779.00 and she was liable on the note of the plaintiff as a co-maker with her brother for the sum of $150.00 and interest. The wide disparity between the amounts owing these respective creditors tends to disprove the claim of fraud advanced by the plaintiff. If the situation was reversed and the grantor had transferred her interest in the farm, which was worth about $3000.00 to plaintiff in payment of his claim of $150.00 and had left unpaid other creditors in an amount exceeding $10,000.00, the facts per se would establish a fraud. We do not believe that the evidence shows that this conveyance was fraudulent or that it was executed and delivered with the design on the part of the grantor of hindering, delaying or defrauding her creditors.

If the facts adduced are such as to establish the required fraudulent intent in the grantor, we are of the further opinion that the evidence does not show that this intent was known by or communicated to the children. If such intent was present with the mother, the conveyance may not be held void under §11105 GC, supra, unless the grantees shared in the fraudulent design.

Counsel for plaintiff contend that the conveyance should be set aside at least to the extent of the interest acquired by the non-resident daughter, Marie E. Leach. As above stated, she had lived in Montana for fifteen years and had made no contributions to her mother since that time. It is urged that any claim of hers against her mother was barred by the Statute of Limitations and, also that there is no consideration for her portion of the deed. Even if her claim was barred by lapse of time, the only person who could assert the defense was Nettie J. Harper. It was her privilege to disclaim that defense if she so desired. It was personal to her and if she chose to consider herself a debtor to her daughter for loans made many years ago, her action may not be questioned by third parties. 25 O. J., 633, §287.

The evidence shows that the grantees, except this daughter from Montana, discussed among themselves the advisability of having the deed executed to all the children. It was finally agreed that the deed should be so prepared and that settlement could afterwards be affected among themselves. This was not irregular or fraudulent. The three children had advanced to their mother moneys far in excess of the value of this real estate. When they received their deed in payment of these advances, the consideration was ample and valuable. As grantee, it was their right and privilege to have the deed executed to any person or persons whom they designated. Under these circumstances, if there was present the element of a gift, the gift was one from the three children rather than the mother to the fourth child, the daughter in Montana.

A full and careful consideration of this record leads us to the conclusion that there is no prejudicial error apparent in the particulars assigned by the plaintiff and that the judgment of the trial court should be affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.